# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IAN FLYNN WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13-cv-07566 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Ian Flynn Washington initiated this federal court action by filing a notice of removal referencing several criminal prosecutions proceeding in the Circuit Court of Kane County, Illinois and the Circuit Court of Kendall County, Illinois. (Dkt. Nos. 1, 8.)[1] As it is apparent on the face of the notice of removal and accompanying exhibits that there is no valid basis for removal, this Court summarily remands the referenced actions to the Kane County and Kendall County courts pursuant to 28 U.S.C. § 1455(b)(2).

The notice of removal refers to three criminal proceedings in Illinois state courts: 10 CF 931 and 10 CF 345 in the Circuit Court of Kane County, and 10 CF 256 in the Circuit Court of Kendall County. The notice also refers to a matter identified as 13 CF 1510 in the Circuit Court

---

[1] In the caption for the notice of removal and on the accompanying civil cover sheet, Washington identifies himself as the "plaintiff" and names several additional defendants who are not parties to the state court criminal proceedings. (*See* Dkt. No. 2.) Thus, the formal caption for this matter does not mirror those for the original state court proceedings, in which Washington is the named defendant. Nonetheless, it is apparent that Washington intended to invoke this Court's removal authority in bringing this case. The civil cover sheet identifies the origin of the action as "removed from State Court." (*Id.*) Furthermore, Washington repeatedly invokes the federal statutes governing removal of state court proceedings to federal court in his filings.

of Kane County, but the nature of that proceeding is not apparent from the record. The documents presented by Washington in support of his removal notice indicate that he has been charged with various offenses under Illinois state law, including armed violence, possession of a controlled substance with intent to deliver, and possession of a weapon by a felon. The removal notice states that Washington intends to file the document in the docket of each of the four proceedings listed above. The notice does not detail the current status of any of the state criminal proceedings, but makes clear that Washington disputes the legitimacy of his detention and seeks release from the Kane County Adult Justice Center where he is being held.

Washington purports to have removed the state court criminal prosecutions to federal court pursuant to 28 U.S.C. §§ 1332 and 1441, asserting that there is complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000. However, the federal statutes cited by Washington provide only for removal of *civil* actions originally brought in state court.[2] This Court's jurisdiction over *criminal* proceedings removed from state court is defined by 28 U.S.C. § 1442(a), which permits removal of such prosecutions when directed toward any of the following:

(1) the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue;

---

[2] For example, 28 U.S.C. § 1441 provides that, "any *civil* action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Likewise, 28 U.S.C. § 1332 provides for original jurisdiction in federal district courts for "all *civil* actions" where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a) (emphasis added).

2

(2) a property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States;

(3) any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties; or

(4) any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House.

28 U.S.C. § 1442(a). In addition, 28 U.S.C. § 1443 provides for the removal of criminal prosecutions commenced in state court when the action is pending:

(1) against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; or

(2) for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

The notice of removal in this case does not satisfy the requirements for removal of criminal prosecutions under either 28 U.S.C. § 1442(a) or 28 U.S.C. § 1443. Although Washington purports to bring this action "as the United States in rem," he does not allege that he is an officer of the United States, nor does he claim that the state criminal proceedings against him target any of the official federal interests that trigger the removal jurisdiction of Section 1442(a). Furthermore, Washington does not claim that he is being denied by the Illinois state courts, or that he cannot enforce in the Illinois state courts, a right under any law providing for the equal civil rights of citizens of the United States. And Washington also does not allege that he is being prosecuted in state court for acting under color of authority derived from a law providing for equal rights to citizens of the United States or for refusing to act in a manner inconsistent with any such law. When it appears from the face of a removal notice and its

attached exhibits that removal is improper, a district court "shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). That disposition is clearly appropriate here.

In view of this Court's summary remand of this action, Washington's motion for judicial release (Dkt. No. 5), his motion for a writ to the Kane County facility to permit his appearance in this Court to argue the present matter (Dkt. No. 17), his motion to discuss open issues (Dkt. No. 19), and his motion to dismiss charges (Dkt. No. 43) are all stricken without prejudice. The Court expresses no opinion on the merits of any potential claims or defenses regarding Washington's arrest, prosecution, or detention that may be available to Washington if presented in the proper forum at an appropriate time, including any potential claims under 42 U.S.C. § 1983 or any relief that may available pursuant to a petition for a writ of *habeas corpus*. Information to assist *pro se* litigants in assessing such matters is available at the Court's website at http://www.ilnd.uscourts.gov/ProSe.aspx.

## **CONCLUSION**

Accordingly, for the reasons stated above, this action is summarily remanded to state court as follows: Case Nos. 10 CF 345, 10 CF 931, and 13 CF 1510 are summarily remanded to the Circuit Court of Kane County, Illinois, and Case No. 10 CF 256 is summarily remanded to the Circuit Court of Kendall County, Illinois. As this action is being remanded to state court, Washington's motion for judicial release (Dkt. No. 5), his motion for a writ to the Kane County facility to permit his appearance in this Court (Dkt. No. 17), his motion to discuss open issues

(Dkt. No. 19), and his motion to dismiss charges (Dkt. No. 43) all are stricken without prejudice.

The motion hearing scheduled for March 4, 2014 is stricken and the parties need not appear.

IT IS SO ORDERED.

Dated: March 3, 2014

Andrea R. Wood
United States District Judge